Case 4:24-cv-02868   Document 20   Filed on 11/15/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
November 18, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAUREN MICHELLE OWEN, | § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-24-2868 |
| WARDEN TANISHA HALL, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a federal prisoner, filed a *pro se* habeas petition under 28 U.S.C. § 2241 seeking transfer to prerelease custody. Respondent Warden Tanisha Hall filed a motion for summary judgment based on failure to exhaust (Docket Entry No. 17), to which petitioner filed a response. (Docket Entry No. 19.)

Having considered the motion, the response, the summary judgment evidence, and the applicable law, Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit without prejudice for failure to exhaust.

**I. BACKGROUND AND CLAIMS**

Petitioner was convicted of bank fraud, wire fraud, and tax evasion in the Northern District of Oklahoma and sentenced to a 27-month term of incarceration on November 27, 2023. *United States v. Owen*, C.A. No. 23-cr-0013-GKF-1 (N.D. Okla.). The Oklahoma district court granted petitioner's motions to delay self-reporting to prison and she did not

commence serving her sentence until March 5, 2024. Petitioner was assigned to Bureau of Prisons ("BOP") FPC Bryan in Bryan, Texas, where she remains in custody.

In her petition, petitioner challenges her federal sentence computation and claims that the BOP has miscalculated her prerelease custody date. Specifically, she argues that the BOP failed to provide her with appropriate First Step Act ("FSA") earned time credit, and that according to her own calculations, the BOP had been required to transfer her to prerelease custody on July 2, 2024. (Docket Entry No. 1, p. 2.) In short, and despite having served only four months and six days of her 27-month sentence, petitioner filed the instant habeas petition claiming entitlement to immediate non-discretionary transfer to prerelease custody.

Petitioner modified her allegations following her initial filing. In a supplemental habeas petition docketed on August 7, 2024, petitioner submitted as an exhibit a copy of her Regional Administrative Remedy Appeal (BP-10) dated August 1, 2024. (Docket Entry No. 7, p. 5.) In the exhibit, petitioner stated that she should be transferred to prerelease custody on August 9, 2025.[1] *Id.*; Docket Entry No. 17-1, p. 23. However, in her response to the motion for summary judgment, petitioner again requests immediate transfer to prerelease custody. (Docket Entry No. 19, p. 2.)

---

[1]The Court notes that petitioner filed two different copies of this exhibit. On the copy she filed in response to the motion for summary judgment, petitioner struck through "2025" and wrote "2024." (Docket Entry No. 18-1, p. 18.) She also wrote additional information on the bottom of the form that was not included in the original. *Id.* The first copy filed by petitioner had no such markings. (Docket Entry No. 7, p. 5.) BOP documents indicate that petitioner's BP-10 requested a transfer prerelease date in August 2025. (Docket Entry No. 17-1, p. 23.) Thus, the first copy reflects the actual BP-10 sent by petitioner. Because petitioner materially altered the second copy from what was submitted to the BOP, the Court will not rely on the second copy.

## II. EXHAUSTION

Generally, a federal prisoner must exhaust administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in extraordinary circumstances, such as where administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would be a patently futile course of action. *Fuller*, 11 F.3d at 62. The petitioner bears the burden of demonstrating the futility of administrative review. *Fillingham v. United States*, 867 F.3d 531, 535 (5th Cir. 2017); *Fuller*, 11 F.3d at 62.

In the pending motion for summary judgment, respondent moves to dismiss the petition as unexhausted. Respondent presents competent summary judgment evidence showing that the BOP follows an established four-step administrative process for inmates seeking formal review of issues relating to their confinement. 28 C.F.R. §§ 542.10–542.19. An inmate must first file a BP-8 form requesting informal resolution. If this is unsuccessful, the inmate must submit a formal written administrative remedy request directly to the warden of the subject BOP facility through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 days of the warden's response, the inmate may appeal to the regional director by filing a BP-10 form. If not satisfied with the regional director's response, the inmate may appeal by submitting a BP-11 form to the general counsel within

30 days. Upon completing this multi-tiered administrative review process, the inmate has exhausted administrative remedies.

Petitioner acknowledges in her petition and in her response to the motion for summary judgment that she did not exhaust her administrative remedies through the BOP prior to filing her petition. Petitioner states, and the summary judgment evidence shows, that she filed an initial BP-9 on July 11, 2024, requesting immediate transfer to prerelease custody. (Docket Entries No. 1, p. 3; No. 17, Exhibit B.) Her instant section 2241 petition was executed and processed through the FPC Bryan mail room on that same date. (Docket Entry No. 1, pp. 2, 15.) Thus, the record shows that petitioner submitted her initial administrative BOP form on the same day she mailed her section 2241 habeas petition to the court and did not exhaust administrative review procedures. Moreover, respondent's competent summary judgment evidence shows that petitioner did not continue forward with the administrative review process after filing her habeas petition, and that the review process remains unexhausted.[2] (Docket Entry No. 17, Exhibit B.)

Petitioner argues that her failure to exhaust should be excused because exhaustion would have been futile, as the BOP had failed to transfer her to prerelease custody as of the time she filed her habeas petition. In support, she alleges she was told by her FPC Bryan facility team that, although filing BOP administrative remedies was her right, pursuing the

---

[2]Petitioner submitted a BP-10 dated August 1, 2024, but failed to file it with the proper BOP officials. The BP-10 was rejected, and petitioner did not resubmit the form. (Docket Entry No. 17-1, p. 11.)

4

process would not change anything, and that the only relief she would receive would be from the courts. However, petitioner's own narrative time line of her case shows that she was told this on July 30, 2024, *after* she had filed her section 2241 habeas petition. (Docket Entry No. 18, p. 2.) Consequently, her facility team's comments did not render her administrative remedies futile and did not excuse her failure to exhaust prior to filing the instant lawsuit.

Petitioner further contends that exhaustion was futile because her counselors or facility team told her on July 26, 2024, that her "release date to [a residential re-entry center] is March 22, 2024." *Id.* Again, this did not excuse her failure to exhaust, as the counselors gave her this information after she had filed her habeas petition. Petitioner cannot bypass exhaustion based on her fear that it would be futile or cause delay. Even so, and as shown below, petitioner's formal BOP assessments did not calculate March 22, 2024, as the date the BOP was required by law to transfer her to prerelease custody.

On August 1, 2024, respondent denied petitioner's BP-9, informing her that her earliest conditional prerelease date had not yet been calculated, and that her current projected release date was December 17, 2025, with a "halfway house date" of March 21, 2025. As shown by the exhibits submitted by the parties, the BOP uses multiple methods to calculate an inmate's projected release date, which results in different projected release dates. (Docket Entry No. 17, Exhibit C.) In petitioner's case, the BOP's FSA Time Credit Assessment for petitioner, dated October 8, 2024, calculated a "GCT REL" projected release date of January 1, 2026; a "FSA Projected Release Date" of November 12, 2025; and a "SCA [Second

5

Chance Act] Conditional Placement Date" of June 30, 2024, which was expressly provided as a "Best Case Scenario" for "Conditional Pre-Release Planning & Preparation Only." (Docket Entry No. 18, p. 7.) The FSA Time Credit Assessment informed petitioner that the SCA dates were default calculations, not guarantees, and required a five-factor review under 18 U.S.C. § 3621B. *Id.*

Petitioner's SCA conditional placement date of June 30, 2024, was not a non-discretionary date requiring the BOP to transfer her to prerelease custody, a residential re-entry center, supervised release, a halfway house, or home confinement. That BOP calculations differed from petitioner's own informal calculations did not render exhaustion futile or otherwise excuse her failure to exhaust. Moreover, her mistaken belief that the BOP was required by law to transfer her to prerelease custody or home confinement on June 30, 2024, provides no basis for excusing her failure to exhaust. Accordingly, petitioner shows no grounds for excusing her failure to exhaust BOP administrative remedies or that her exhaustion would have been futile at the time she filed the instant petition.

Petitioner has not shown that administrative remedies were rendered unavailable to her, or that extraordinary circumstances warranted an exception to the exhaustion requirement at the time she filed the pending habeas petition.

Petitioner's habeas lawsuit is unexhausted and must be dismissed.

## III.  CONCLUSION

For the above reasons, respondent's motion for summary judgment (Docket Entry No. 17) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**. To any extent necessary, a certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 15th day of November, 2024.

                                        KEITH P. ELLISON
                                        UNITED STATES DISTRICT JUDGE